UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHASSIB KASSIM WAHAB,

                                 Plaintiff,

         -against-

ESTEE LAUDER COMPANIES, INC.,
WILLIAM P. LAUDER, an individual and in his
Official capacity as Executive Chairman;
JENNIFER LEPORE, an individual and in her official
Capacity as Director of Human Resources;

                                Defendants.
----------------------------------------------------------------X

**FILED**
**CLERK**
7/11/2018 12:37 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
18-CV-03732 (JMA)(AKT)

**AZRACK, District Judge:**

On June 28, 2018, *pro se* plaintiff Chassib Kassim Wahab ("plaintiff") commenced this action against Estee Lauder Companies, Inc. ("Estee Lauder"), William P. Lauder ("W. Lauder"), and Jennifer Lepore ("Lepore" and collectively, "defendants") alleging state law claims of defamation and intentional infliction of emotional distress. Plaintiff paid the $400 filing fee at the time he filed the complaint. For the reasons that follow, the Court *sua sponte* dismisses the complaint without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).

## I. BACKGROUND[1]

Plaintiff is no stranger to this Court. The present complaint is plaintiff's second against Estee Lauder concerning his employment there. See Wahab v. Estee Lauder Companies, Inc., 12-CV-3932 (SJF)(AKT) ("Wahab I"). In Wahab I, plaintiff asserted claims of age discrimination

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

1

in employment under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*. and "any related claims under New York law." (See Wahab I, Compl. at 1.) Estee Lauder successfully moved for summary judgment and all of plaintiff's claims were dismissed in their entirety. Plaintiff's claims were dismissed based on his: (1) failure to file a timely charge with the Equal Employment Opportunity Commission ("EEOC"); (2) contractual waiver of claims; (3) failure to show that the non-discriminatory reason proffered by Estee Lauder for the challenged employment action – rejection of his application to transfer to a new position because of his refusal to take a required test – was pretextual; and (4) failure to offer sufficient evidence to allow his remaining claims of disparate treatment and harassment to survive summary judgment. (See Wahab I, Order, dated Sept. 30, 2014, ECF No. 102 (the "Order")). Plaintiff filed an appeal of the Order and, by Summary Order dated September 3, 2015, the Second Circuit Court of Appeals affirmed the District Court's Order in its entirety. See Mandate, Wahab v. Estee Lauder Companies, Inc., 14-3694 (2d Cir. Sept. 3, 2015).

In the present complaint, plaintiff alleges state law defamation and intentional infliction of emotional distress claims against the defendants. (See Compl. generally and at ¶¶ 27-43.) Generally, plaintiff alleges that statements made by the defendants during the defense of Wahab I were defamatory and, as a result of their "false" and "scurrilous charge" about him, the have intentionally inflicted emotional distress on him for which he seeks to recover a damages award "in an amount to be proven at trial and not less than $150 million." (Compl. at ¶¶ 27-43.)

Plaintiff alleges that this Court's subject matter jurisdiction is invoked pursuant to 28 U.S.C. § 1331 ("Section 1331") (Compl. ¶ 5). Plaintiff also alleges that he is a resident of Stony Brook, New York (Compl. ¶ 1) and that W. Lauder and Lepore are also New York residents (Compl. ¶¶ 3-4.). Plaintiff alleges that Estee Lauder is a "Delaware corporation, with its principal

2

place of business in New York, New York and owned facilities in various locations in New York, Pennsylvania, and other Countries." (Compl. ¶ 2.)

## II. DISCUSSION

### A. Standard of Review

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting Twombly, 550 U.S. at 555).

3

**B.      Subject Matter Jurisdiction**

Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking.  Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court *sua sponte*.  Id.  "If subject matter jurisdiction is lacking, the action must be dismissed." Id. at 700-01; see also Fed. R. Civ. P. 12(h)(3).  The party asserting jurisdiction bears the burden of proof.  DiTolla v. Doral Dental IPA of N.Y., 469 F.3d 271, 275 (2d Cir. 2006).

Here, although plaintiff alleges that this Court's subject matter jurisdiction is invoked pursuant to 28 U.S.C. § 1331, (Compl. ¶ 5), he does not include any federal claims in his complaint. Rather, plaintiff alleges only state law defamation and intentional infliction of emotional distress claims against the defendants.  (See Compl. generally and at ¶¶ 27-43.)   Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.  "A case aris[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689-90 (2006) (internal quotation marks and citations omitted).  A plaintiff properly invokes § 1331 jurisdiction when he or she pleads a colorable claim "arising under" the Constitution or laws of the United States.  Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006).  A claim alleging federal question jurisdiction "may be dismissed for want of subject-

4

matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Id*. at 513 n. 10.  Although courts hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9 (1980), *pro se* litigants must establish subject matter jurisdiction.  See, e.g., Rene v. Citibank N.A., 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

Because plaintiff's state law claims do not "aris[e] under the Constitution, laws or treaties of the United States" subject matter jurisdiction under Section 1331 is lacking.  Even affording the *pro se* complaint a liberal construction, the Court cannot discern a colorable federal claim.  Accordingly, plaintiff's complaint does not properly invoke subject matter jurisdiction pursuant to Section 1331.  Given plaintiff's *pro se* status, the Court next considers whether Section 1332 provides that federal court subject matter jurisdiction may be established where there is a diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.

To establish diversity jurisdiction, there must be complete diversity of citizenship between the plaintiff and the defendants.  Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).  This means that plaintiff cannot be a citizen of the same state as any of the defendants.  See St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.").  Here, plaintiff is an individual who is alleged to reside in Stony Brook, which is located in Suffolk County, New York, and is thus a citizen of New York for diversity purposes. See 28 U.S.C. § 1332(a)(1).  Plaintiff alleges that defendants W. Lauder and Lepore also reside in New York, and that Estee Lauder has its principal place of business in New York.  (Compl. ¶¶ 2-4.)  Based on

the information provided by plaintiff, the parties are all domiciled in New York and therefore diversity of citizenship is lacking.[2] Accordingly, plaintiff has not established this Court's subject matter jurisdiction under Section 1332. Again, although courts hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers," Hughes, 449 U.S. at 9, *pro se* litigants must establish subject matter jurisdiction. "[I]t is well-established that '[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.'" Herrick Co. v. SCS Commc'ns, Inc., 251 F.3d 315, 323 (2d Cir. 2001) (quoting Advani Enter., Inc. v. Underwriters at Lloyds, 140 F.3d 157, 160 (2d Cir. 1998)).

Given that this Court lacks subject matter jurisdiction under either Section 1331 or Section 1332, the complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3).

**C.    Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the Court has carefully considered whether plaintiff should be granted leave to amend his complaint. Because there is a lack of subject matter jurisdiction, which could not be cured if

---

[2] Although the complaint does not actually use the term "domicile", the *pro se* plaintiff included New York addresses for all parties to this action and the Court therefore concludes that diversity of citizenship is lacking.

6

afforded an opportunity to amend his complaint, leave to amend the complaint is denied.[3] Plaintiff may, however, pursue any valid claims he may have against the defendants under state law in state court.

**D.     The All Writs Act**

Under the All Writs Act, a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999). Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits. See Malley v. N.Y. City Bd. of Educ., 112 F.3d 69 (2d Cir. 1997) (*per curiam*) (filing injunction may issue if numerous complaints filed are based on the same events). Such an injunction, while protecting the courts and parties from frivolous litigation, should be narrowly tailored so as to preserve the right of access to the courts. In addition, the Court must provide plaintiff with notice and an opportunity to be heard before imposing a filing injunction. Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*).

The instant complaint is plaintiff's second in the United States District Court for the Eastern District of New York against Estee Lauder relating to his employment. Plaintiff's instant action suggests that he may file a new action concerning this subject and/or the prior litigation, Wahab I. The Court has an "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting

---

[3] Moreover, the Court notes that, given the dismissal with prejudice of plaintiff's claims in Wahab I, any further litigation concerning his employment with Lauder Companies is likely barred by *res judicata* and/or *collateral estoppel*.

7

personnel." Lau v. Meddaugh, 229 F. 3d 121, 123 (2d Cir. 2000) (internal quotation marks, citations, and alteration omitted).

The Court is especially cognizant of plaintiff's *pro se* status and has considered his complaint in as positive light as possible. Nonetheless, the Court now warns plaintiff that similar, future complaints will not be tolerated. Given plaintiff's litigation history, the Court now cautions plaintiff that, should he file another complaint relating to his employment with Estee Lauder or Wahab I, the Court will order plaintiff to show cause why a litigation bar should not be entered.

Finally, plaintiff is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to *pro se* litigants, see Maduakolam v. Columbia Univ., 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and *pro se* litigants . . ."), and should he file another action relating to his employment with Estee Lauder or Wahab I, it is within the Court's authority to consider imposing sanctions upon him. See FED. R. CIV. P. 11; In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984) (a district court has "the power and the obligation to protect the public and the efficient administration of justice from [a vexatious litigant's] litigious propensities"); Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986) ("'A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.'") (quoting Abdullah v. Gatto, 773 F.2d 487, 488 (2d Cir. 1985) (*per curiam*)).

### III.   CONCLUSION

For the forgoing reasons, the complaint is *sua sponte* dismissed without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). Plaintiff is warned that similar, future complaints will not be tolerated. Given plaintiff's litigation history, the Court now cautions plaintiff that, should he file another complaint relating to his employment with Estee Lauder or Wahab I, the Court will order plaintiff to show cause why a litigation bar should not be entered. Finally, plaintiff is cautioned that Rule 11 of the Federal Rule of Civil

Procedure applies to *pro se* litigants, and should he file another action relating to his employment with Estee Lauder or Wahab I, it is within the Court's authority to consider imposing sanctions upon him.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  The Clerk of the Court is respectfully requested to send a copy of this order to the *pro se* plaintiff.

**SO ORDERED.**

Dated: July 11, 2018
Central Islip, New York

                                                                                      //s JMA
                                                                                      JOAN M. AZRACK
                                                                                      UNITED STATES DISTRICT JUDGE