FILED
CLERK
3/5/2019 9:58 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHASSIB KASSIM WAHAB,

                              Plaintiff,

        -against-

ESTEE LAUDER COMPANIES, INC.,
WILLIAM P. LAUDER, an individual and in his
Official capacity as Executive Chairman;
JENNIFER LEPORE, an individual and in her official
Capacity as Director of Human Resources;

                         Defendants.
----------------------------------------------------------------X

**MEMORANDUM AND
<u>ORDER TO SHOW CAUSE</u>**
18-CV-03732 (JMA)(AKT)

**JOAN M. AZRACK, United States District Judge:**

On June 28, 2018, *pro se* plaintiff Chassib Kassim Wahab ("Plaintiff") commenced this action against Estee Lauder Companies, Inc. ("Estee Lauder"), William P. Lauder ("W. Lauder"), and Jennifer Lepore ("Lepore" and collectively, "Defendants") alleging state law claims of defamation and intentional infliction of emotional distress. Plaintiff paid the $400 filing fee at the time he filed the complaint. The complaint was Plaintiff's second against Estee Lauder concerning his employment there. See <u>Wahab v. Estee Lauder Companies, Inc.</u>, 12-CV-3932 (SJF)(AKT) ("<u>Wahab I</u>").

On July 11, 2018, the Court *sua sponte* dismissed Plaintiff's complaint for lack of subject matter jurisdiction. (ECF No. 7.) Plaintiff has since filed three motions to reconsider, together with a motion to consolidate this action with <u>Wahab I</u>, a closed case that was fully litigated.[1] (See ECF Nos. 8, 12, 13, 16.) All of these motions have been frivolous.

---

[1] Plaintiff's application for a writ of certiorari as well as his multiple "requests for consideration" to the United States Supreme Court in <u>Wahab I</u> were denied in 2016. See <u>Wahab v. Estee Lauder Companies, Inc.</u>, 136 S. Ct. 1389 (2016).

By Electronic Order dated February 5, 2019, the Court cautioned Plaintiff that, should he file any further frivolous motions in this case, or another complaint relating to his employment with Estee Lauder or Wahab I, the Court would order Plaintiff to show cause why a litigation bar should not be entered. The Court also warned Plaintiff (for the second time) that Rule 11 of the Federal Rule of Civil Procedure applies to *pro se* litigants, and should he file any further frivolous motions in this case, or another action relating to his employment with Estee Lauder or Wahab I, it is within the Court's authority to consider imposing sanctions upon him.

Plaintiff's newest Memorandum, requesting that the Court reconsider: (1) its dismissal of this case; and (2) consolidate two closed cases, is again denied. (ECF No. 16.) Further, given Plaintiff's history of filing repetitive and frivolous motions and complaints, and his blatant disregard of this Court's warnings, Plaintiff is ordered to show cause why an order barring him from filing any future documents in this case, Wahab I, or any future cases related to his employment with Estee Lauder, should not be entered.

**DISCUSSION**

A district court has authority to issue a filing injunction when a "plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (*per curiam*) (internal quotations and citations omitted); see also Pandozy v. Tobey, 335 F. App'x 89, 92 (2d Cir. 2009); Williams v. NYC Hous. Auth., No. 06-CV-5473, 2008 WL 5111105, at *5 (E.D.N.Y. Dec. 4, 2008). However, it is the "[t]he unequivocal rule in this Circuit . . . that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." Iwachiw v. New York State Dep't of Motor Vehicles, 396 F.3d 525, 529 (2d Cir. 2005) (quoting Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998)).

Here, Plaintiff has unquestionably taxed the resources of this court because "[e]very paper [he has] filed with the Clerk of this Court, no matter how repetitious or frivolous, require[d] some portion of the institution's limited resources." In re McDonald, 489 U.S. 180, 184 (1989). Plaintiff has clearly exceeded the reasonable access to the courts afforded him and "abuse[d] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." Lau, 229 F.3d at 123. Thus, given Plaintiff's persistence in filing frivolous and repetitive documents in this Court, Plaintiff is now **ORDERED TO SHOW CAUSE, BY FILING AN AFFIDAVIT WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS ORDER, WHY AN ORDER SHOULD NOT BE ENTERED BARRING THE ACCEPTANCE OF ANY FUTURE FILINGS FROM PLAINTIFF RELATED TO PLAINTIFF'S EMPLOYMENT WITH ESTEE LAUDER IN THIS COURT WITHOUT PLAINTIFF FIRST OBTAINING LEAVE OF THE COURT.** See 28 U.S.C. § 1651(a).[2] If entered, that Order will limit Plaintiff's filings as follows:

- If Plaintiff wishes to file a document in this case, Wahab I, or any future cases related to his employment with Estee Lauder, it must be filed along with a request for leave to file the document explaining why the filing is not frivolous.

- Any submission filed without a request for leave to file will be returned without docketing or consideration by the Court.

- Should Plaintiff file a new case related to his employment with Estee Lauder (with a request for leave to file the complaint), the Clerk of Court is directed to open it under a miscellaneous number.

- Unless the Court enters an Order authorizing the case to go forward within 90 days, at which point it will be assigned a civil case number, the Clerk shall close the miscellaneous matter without further Court Order.

---

[2] "The All Writs Act grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir.1999); see also Matter of Hartford Textile Corp., 613 F.2d 388, 390 (2d Cir.1979) (holding that the All Writs Act "grant[s] the district court power *sua sponte* to enjoin further filings in support of frivolous and vexatious claims.")

Plaintiff is advised that his failure to file an affidavit in accordance with this Order to Show Cause will lead to the entry of an order barring Plaintiff from filing any documents in this case, <u>Wahab I</u>, or any future cases related to his employment with Estee Lauder, unless it is accompanied by a request for leave to file the document. Plaintiff's affidavit shall be clearly labeled "Affidavit in Response to the Order to Show Cause" and shall bear the docket number of this action, 18-CV-3732(JMA).

Plaintiff is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to *pro se* litigants, see <u>Maduakolam v. Columbia Univ.</u>, 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and *pro se* litigants . . ."), and should he file further frivolous and repetitive filings, it is within the Court's authority to consider imposing monetary sanctions upon him.[3] See Fed. R. Civ. P. 11.

## CONCLUSION

Plaintiff's repetitive and frivolous request that the Court reconsider: (1) its dismissal of this case; and (2) consolidate two closed cases, is again denied. (ECF No. 16.) As explained above, due to Plaintiff's continued frivolous filings, the Court **ORDERS PLAINTIFF TO SHOW CAUSE, BY FILING AN AFFIDAVIT WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS ORDER, WHY AN ORDER SHOULD NOT BE ENTERED BARRING THE ACCEPTANCE OF ANY FUTURE FILINGS FROM PLAINTIFF RELATED TO PLAINTIFF'S EMPLOYMENT WITH ESTEE LAUDER IN THIS COURT WITHOUT PLAINTIFF FIRST OBTAINING LEAVE OF THE COURT.** Plaintiff is advised that his failure to file an affidavit in accordance with this Order to Show Cause will lead to the entry of an

---

[3] The Court additionally cautions Plaintiff that his various unannounced appearances in Judge Azrack's Courtroom, including on March 4, 2019, demanding that the Court take action on his filings, are improper. Should these harassing visits continue, they too may warrant imposition of sanctions and/or a further injunction against Plaintiff.

order barring Plaintiff from filing any documents in this case, Wahab I, or any future cases related to his employment with Estee Lauder, unless it is accompanied by a request for leave to file the document. Plaintiff's affidavit shall be clearly labeled "Affidavit in Response to the Order to Show Cause" and shall bear the docket number of this action, 18-CV-3732(JMA).

Finally, Plaintiff is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to *pro se* litigants, and should he file another frivolous document in this action or any other actions related to his employment with Estee Lauder (including any new complaints), it is within the Court's authority to consider imposing monetary sanctions upon him.

Although nothing herein shall be construed to prohibit Plaintiff from filing an appeal of this instant order, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the instant order would not be taken in good faith and, should Plaintiff seek leave to appeal i*n forma pauperis*, such status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). The Clerk of the Court is directed to mail a copy of this Memorandum and Order to Show Cause the *pro se* plaintiff.

**SO ORDERED.**

Dated: March 5, 2019
Central Islip, New York

                      /s/ (JMA)
                     JOAN M. AZRACK
                    UNITED STATES DISTRICT JUDGE