UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHASSIB KASSIM WAHAB,

                Plaintiff,

   -against-

ESTEE LAUDER COMPANIES, INC., et al.,

                Defendants.
----------------------------------------------------------X

FILED
CLERK
4/17/2019 12:48 pm
For Online Publication Only
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**FILING INJUNCTION ORDER**
18-CV-3732(JMA)(AKT)

**JOAN M. AZRACK, United States District Judge**:

By Memorandum and Order to Show Cause dated March 5, 2019 (the "OTSC"), the Court ordered *pro se* plaintiff Chassib Kassim Wahab ("plaintiff") to file an affidavit within thirty (30) days from the date of the OTSC showing cause why an order should not be entered barring him from any future filings in this Court relating to his employment with Estee Lauder without first seeking leave of Court. (ECF No. 17.) The OTSC directed that "[p]laintiff's affidavit shall be clearly labeled "Affidavit in Response to the Order to Show Cause" and shall bear the docket number of this action, 18-CV-3732(JMA)(AKT)." (See OTSC at 3–5.) Plaintiff was warned that his failure to file an affidavit in accordance with the OTSC will lead to the entry of an order that would bar plaintiff from filing any documents in this case, in his closed 2012 case against Estee Lauder, 12-CV-3932(SJF)(AKT) ("Wahab I"), or any future cases related to his employment with Estee Lauder, unless it is accompanied by a request for leave to file the document. (See OTSC at 2–5.)

On March 23, 2019, plaintiff filed a twenty-three (23) page document, bearing the docket numbers and captions of both this case and Wahab I, and entitled "Affidavit of Chassib Kassim Wahab Objection and in Opposition in Response to Judge Joan M. Azrack Order to Show Cause and in Support of Plaintiff's Motion for Default Judgment." (See ECF No. 18 "Affidavit").

Annexed to the Affidavit is an additional sixty-six (66) pages of exhibits. Plaintiff's submission is a nonsensical diatribe[1] against Estee Lauder and its officers, the United States Supreme Court, Second Circuit Chief Judge Robert A. Katzman, District Judge Feuerstein, District Judge Bianco, Magistrate Judge Boyle, Magistrate Judge Tomlinson, the undersigned, and defense counsel, and does not at all address why an order should not be entered barring him from any future filings in this Court relating to his employment with Estee Lauder without first seeking leave of Court. Accordingly, for the reasons set forth above and in the OTSC, it is now ORDERED that:

(1) Plaintiff is ENJOINED from any future filings in this Court relating to his employment with Estee Lauder without first seeking leave of Court. Should plaintiff wish to file a document in this case, Wahab I, or any future cases related to his employment with Estee Lauder, it must be filed along with a request for leave to file the document explaining why the filing is not frivolous;

(2) The Clerk of the Court is DIRECTED to return to plaintiff, without docketing or consideration, any new submission from plaintiff related to his employment with Estee Lauder if it is received without a separate application seeking leave to file; and

(3) If plaintiff seeks leave to file a new complaint related to his employment with Estee Lauder along with a request for leave to file the complaint, the Clerk of Court is DIRECTED to open it under a miscellaneous number. Unless the Court enters an order authorizing the case to go forward within 90 days, at which point it will be assigned a civil case number, the Clerk shall close the miscellaneous matter without further Court Order.

---

[1] Plaintiff's submission is replete with anti-Semitic allegations against District Judge Feuerstein. For example, plaintiff writes: "[D]efendant's attorney dishes out Rubbish in Defendant's Summary Judgment Motion to Zionists Judge Feuerstein . . . in a dish shaped like a pig. Yet she eats it like KOSHER CHOCOLATE!" Plaintiff also accuses "Zionists Judge Feuerstein [of] carr[ying] out a religious hit job on Mr. Wahab. . . ." (Affidavit at p. 11.)

Moreover, given plaintiff's statement that "he intends to fight [] vigorously, . . . [and] that he shall civilly fight for his right today, tomorrow, and every day is going to be a fight for the rest of his days lest he die," (Affidavit at p. 18), Plaintiff is WARNED that the continued submission of frivolous filings and/or civil actions may result in the imposition of additional sanctions, including monetary penalties, upon notice and an opportunity to be heard.[2]  28 U.S.C. § 1651(a); Malley v. Corp. Counsel of the City of N.Y., 9 F. App'x 58, 59 (2d Cir. 2001) (summary order) (affirming imposition of $1,500 sanction on *pro se* litigant for filing repetitive, frivolous complaints).

Although nothing herein shall be construed to prohibit plaintiff from filing an appeal of this Filing Injunction Order, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, should plaintiff seek leave to appeal *in forma pauperis*, such status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).  The Clerk of the Court is directed to mail a copy of this Order to the *pro se* plaintiff.

**SO ORDERED.**

Dated: April 17, 2019
       Central Islip, New York

                                               /s/ (JMA)
                                               Joan M. Azrack
                                               UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff is further WARNED, just as he was cautioned in the OTSC, that should he conduct any further harassing visits to the undersigned's Courtroom, that too may warrant imposition of additional sanctions and/or a further injunction.  (See OTSC at p. 4 n.3.)